IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| CHRIS MCCLOUD, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO.: 4:15-cv-0013-WEJ |
| SECO ARCHITECTURAL ) | |
| SYSTEMS, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| *Defendant.* ) | |

## SETTLEMENT AGREEMENT, RELEASE
## OF CLAIMS AND COVENANT NOT TO SUE

This Settlement Agreement is made and entered into on this the 23rd day of July, 2015, by and between Chris McCloud and all of his heirs, executors, administrators, successors and assigns on the one hand ("Employee") and Seco Architectural Systems, Inc. and all of its assigns, parent companies, subsidiary companies, commonly owned or controlled companies, officers, directors, shareholders, insurers, employees, and agents ("Company") on the other hand, all of whom together may be sometimes referred to herein as "the Parties."

WHEREAS, Employee was employed as a Shop Foreman from June 2012 to July 2014, by the Company; and

WHEREAS, Employee filed suit in the United States District Court for the Northern District of Georgia, said case having been assigned Civil Action File No. 4:15-CV-0013-WEJ (the "Litigation"), alleging he was owed unpaid overtime pay, liquidated damages and other relief; and

WHEREAS, Company disputed and continues to dispute Employee's claims, asserting that Employee was properly paid; and

WHEREAS, the Parties have engaged in settlement negotiations and have reached the agreement set forth herein.

NOW THEREFORE, for and in consideration of the agreement set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties hereby covenant and agree as follows:

1. Settlement.

    (a) Following execution of this Agreement, as specified below, Company shall pay to or on behalf of Employee the gross total sum of Eight Thousand Eight Hundred Fifty Dollars and No Cents ($8,850.00) as full and final settlement of this matter.

    (b) The Settlement Payment shall be paid by one (1) check payable to Chris McCloud and Betts & Associates in the gross amount of Eight Thousand Eight Hundred Fifty Dollars and No Cents ($8,850.00) as compensation for all losses, including, but not limited to for all injuries, losses or damages Employee

may have incurred or which are reasonably attributed to the claim and the resolution of those claims set forth herein, to be held in trust and distributed by Betts & Associates.

(c) The Settlement Payment shall be paid within five (5) days from the date Employee signs this Agreement.

2. General Release and Waiver.

(a) Full and Final Settlement of All Claims. Employee clearly understands and expressly represents this Agreement is being executed and the Settlement Payment and the other consideration provided for herein is being made as full and final compensation for any and all losses and any and all claims Employee has or may have against the Company arising from his employment with the Company. The consideration provided for herein is full and final compensation for all injuries or other damages, including for overtime compensation, vacation pay, sick pay, liquidated damages, interest, attorney fees, costs, and compensatory and other damages Employee may have incurred or which are in any way attributed to his employment with the Company. This includes, but is not limited to, claims arising from violations or alleged violations of any federal, state, or local statute, ordinance, or common law, including, but not limited to, the Constitution of the United States or of any State and the statutory or common laws of the United States or of any State, including, but not limited to: the Fair Labor Standards Act;

3

Title VII of the Civil Rights Act of 1964; the Americans With Disabilities Act; the Age Discrimination in Employment Act; the Equal Pay Act; the Employee Retirement Income Security Act of 1974; the Family and Medical Leave Act of 1993.

(b) <u>Full Accord and Satisfaction</u>. The Parties agree that the Settlement Payment described in paragraph 1 above is given in full accord and satisfaction of any and all claims that Employee has or may have against the Company during his employment.

(c) <u>No Representation Concerning Taxes</u>. Company makes no representations and provides no guarantee or assurance regarding the tax consequences to Employee for payment of the Settlement Payment.

(d) <u>Employee Responsible for All Taxes</u>. Employee shall be responsible for any and all taxes that may be due as a result of the Settlement Payment.

3. <u>No Admission of Liability</u>.

Company does not concede or admit with respect to Employee, it has violated any law, statute, ordinance or contract and/or failed as to any duty or obligation whatsoever, or engaged in any kind of wrongful conduct. Indeed, Company specifically denies it has engaged in any such conduct. Company enters into this Agreement solely in the interest of avoiding additional costs, which would result from litigation and Employee acknowledges the consideration described in

this Agreement is adequate and sufficient and represents a full and complete settlement of any and all claims and/or rights as more fully described herein.

4. <u>Dismissal of Litigation</u>.

Within three (3) business days of the receipt of the Settlement Payments, Employee will dismiss this case with prejudice.

5. <u>Employee Acknowledgment</u>.

Employee acknowledges that he has read and fully understands the terms of this Agreement, with adequate opportunity and time for such review; that this Agreement has been the result of substantive negotiations in which Employee was represented by counsel of his choosing; and he is fully aware of its contents and of its legal effect. Employee enters into this Agreement freely and voluntarily and with a full understanding of its terms. Employee acknowledges that except as expressly set forth herein, no representations of any kind or character have been made to them by Company to induce execution of this document. Employee further states that the only representations made to him in order to obtain his consent to this Agreement are stated herein and he is signing this Agreement voluntarily and without coercion, intimidation or threat of retaliation.

6. <u>Entire Understanding</u>.

This Agreement embodies the entire understanding of the Parties and all of the terms and conditions with respect to the matters discussed herein; it supersedes

and annuls any and all other or former agreements, contracts, promises or representations, whether written or oral, expressed or implied, made by, for or on behalf of Company, and it may not be altered, superseded or otherwise modified except in writing signed by the party to be charged. All executed copies of this Agreement are duplicate originals, equally admissible as evidence.

7. Date.

The Effective Date of this Agreement will be the day the Court enters an Order approving this Settlement Agreement or administratively closing this case whichever is first.

SIGNATURES

SECO ARCHITECTURAL SYSTEMS, INC.

_____
Chris McCloud

Date: 7/23/15

_____
By its Attorney, J. Larry Stine

Date: July 27, 2015

I have reviewed this Agreement and explained it to my client.

_____
Christian G. Sotomayor

Date: 7/23/2015

6